

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA, CENTRAL DIVISION

| | |
|---|---|
| TOMAS LICKNESS, <br><br> Plaintiff, <br><br> v. <br><br> TAK VENTURES, LLC d/b/a KINGS INN HOTEL & CONVENTION CENTER <br> Defendant. | CIV No. 07-3039 <br><br> COMPLAINT <br><br> Jury Trial Demanded |

Plaintiff, Tomas Lickness, by his attorneys, South Dakota Advocacy Services, complaining of Defendant, TAK Ventures, LLC d/b/a Kings Inn Hotel & Convention Center, alleges:

## JURISDICTION AND VENUE

1. This employment action is brought pursuant to the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12101, et seq. (the "ADA"), Title VII of the Civil Rights Act of 1964, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and SDCL Ch. 20-13 of the South Dakota Human Relations Act of 1972. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 42 U.S.C. §12117(a), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(3).

2. Declaratory, injunctive and other appropriate relief is sought pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1981a, 42 U.S.C. §2000e-5(g), and 42 U.S.C. §12117(a).

3. The events given rise to this claim occurred in Pierre, South Dakota, at the King's Inn Hotel & Conference Center located at 110 East Sioux Avenue. Accordingly, venue is properly in this Court, pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff TOMAS LICKNESS is a 50-year-old resident of the State of South Dakota. He resides in the Central District of South Dakota, in Pierre, Hughes County, South Dakota.

5. The Defendant, TAK Ventures, LLC d/b/a Kings Inn & Conference Center ("Kings Inn") is organized under the laws of the State of South Dakota and maintains a registered agent in the State of South Dakota for accepting service at 201 N. Euclid Ave., Suite 1, Pierre, SD 57501.

6. At all times pertinent to this case, Defendant was engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year and therefore qualifies as an "employer" within the meaning of the ADA, namely, 42 U.S.C. §12111(5)(A).

7. All conditions precedent to suit have been met. On August 21, 2006, Plaintiff filed a charge with the South Dakota Division of Human Rights and the Equal Employment Opportunity Commission ("EEOC"), charging the Defendant with discrimination against Plaintiff on the basis of disability.

8. The EEOC referred Plaintiff's charge to the South Dakota Human Rights Division under section 706(c) of Title VII of the Civil Rights Act of 1964 and pursuant to SDCL 20-13-8 of the South Dakota Human Relations Act of 1972. On January 10, 2007, the South Dakota Division of Human Rights issued its determination of no probable cause to believe that Plaintiff's allegations of discrimination are well founded.

9. The charge was filed within 180 days of the discriminatory employment practice described in this Complaint. On August 27, 2007, Plaintiff received a Notice of Right to Sue dated August 22, 2007. See Exhibit A.

## STATEMENT OF FACTS

10. Tomas Lickness is an individual with damage to a ligament attached to his spinal column, narrowed space at L-5 and S1, and dysfunction of the facets in the back around L2 and L1. As a result of Plaintiff's impairments, which cause low back pain, he is substantially limited in the life activities of standing, sitting, and lifting. Plaintiff is a qualified individual with a disability under the ADA, in that he was qualified to perform the essential functions of the position of part-time desk clerk for King's Inn with or without reasonable accommodations.

11. Thomas King is the General Manager of the Kings Inn. On February 6, 2004, Plaintiff was hired by King's Inn as a part-time desk clerk for the hotel. Plaintiff worked until May 28, 2005, when he resigned.

12. Defendant hired Plaintiff as a part-time employee on January 8, 2006. Plaintiff agreed about a month later to continue to work one to two shifts per week.

13. Defendant provided a chair at the King's Inn front desk when the front desk was located in the office on Pierre Street.

14. The King's Inn front desk moved from Pierre Street to the Convention Center before June 15, 2006.

15. When the front desk moved to the convention center, a chair was not provided at the front desk.

16. Plaintiff requested a chair as a reasonable accommodation verbally and by placing a physician's note from Linn Medical Clinic dated June 8, 2006, in Defendant's internal mailbox. This was a common practice for employees to provide information to Defendant.

17. The physician's note stated the Plaintiff needed a chair behind the desk as the patient is not able to stand for long periods of time due to low back pain.

18. Plaintiff worked approximately four shifts after making the request before his name was removed from the work schedule.

19. On June 12, 2006, Defendant issued a memo that stated he needed to ascertain the full extent of accommodation required by each employee with a special need. A detailed letter from a podiatrist, orthopedist, or other specialist needed to be submitted.

20. Plaintiff's last paycheck from the Kings Inn was for the biweekly pay week ending on June 24, 2006.

21. Plaintiff called Defendant on July 5, 2006, to find out why he was not on the work schedule. Defendant told Plaintiff that we just don't have you on the schedule, that's all. Plaintiff never resigned from his position with Kings Inn.

22. As a result of Defendant's termination of Plaintiff by leaving him off the work schedule, Plaintiff was unemployed until he found employment in mid-July 2006. As a result, Plaintiff lost out on approximately 4 weeks of employment.

## CAUSE OF ACTION

23. Petitioner repeats the allegations of paragraphs 1-22 as though the same were set out at length herein.

24. Defendant failed to engage in the interactive process after Plaintiff requested an accommodation in violation of 42 U.S.C. §21112(b)(3)(5)(A).

25. Defendant discriminated against Plaintiff on the basis of his known disability when it failed to place him on the work schedule in violation of the ADA, 42 U.S.C. §21112(a), Title VII of the Civil Rights Act of 1964, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and SDCL Chapter 20-13.

26. Defendant engaged in the discriminatory practices alleged herein with malice or with a reckless indifference to Plaintiff's federally protected rights.

27. Defendant's actions in wrongfully terminating Plaintiff because of his disability caused Plaintiff to suffer economic loss, mental and emotional suffering, and greatly impaired his enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Petitioner prays for a judgment against Defendant Kings Inn and requests the entry of judgment providing:

(A) A declaration that Kings Inn violated Plaintiff's rights secured by the Americans with Disabilities Act, 42 U.S.C. §12112, Title VII of the Civil Rights Act of 1964, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and SDCL Chapter 20-13;

(B) An award of Plaintiff's lost pay with interest;

(C) An award of compensatory and punitive damages in an amount to be determined upon trial secured by 42 U.S.C. §1981a, 42 U.S.C. §2000e-5(g), and 42 U.S.C. §12117(a).

(D) An award to Plaintiff of his reasonable attorneys' fees; and

(E) An award to Plaintiff for his costs and such other relief as appears just and equitable.

Respectfully submitted this 20th day of November, 2007.

SOUTH DAKOTA ADVOCACY SERVICES

*Gail C. Eichstadt*
Gail C. Eichstadt
221 South Central
Pierre, South Dakota 57501
(605) 224-8294
(605) 224-5125 (fax)
Attorney for the Plaintiff

*Brian Gosch by gl*
Brian G. Gosch
1575 LaCrosse St., Ste. K
Rapid City, South Dakota 57701
(605) 342-2575
(605) 342-0651 (fax)
Attorney for Plaintiff

5